IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

| | | |
|---|---|---|
| Leon M. Kennedy, | ) | C/A No. 8:04-22150-JFA-BHH |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jo Anne Barnhart, Commissioner, | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

This is an action brought by the plaintiff, Leon A. Kennedy, pursuant to Sections 42 U.S.C. § 205(g) of the Social Security Act, as amended 42 U.S.C. § 405(g), to obtain judicial review of

1

the "final decision" of the Commissioner of the Social Security Administration ("Commissioner")
on July 30, 2004 denying his claims for Disability Insurance Benefits ("DIB").

The plaintiff was 48 years old at the time of the ALJ's decision. He has a seventh grade
education and prior work experience as a pipe welder, crane operator, and a millwright. He
alleges that he became disabled to work due to severe degenerative disc disease, arthritis in his
shoulders, hands, knees, and feet, muscle spasms, and chronic pain radiating down his left leg,
foot spurs, and associated physical disorders and symptoms.

The plaintiff first applied for DIB on July 15, 2002 alleging disability beginning February
6, 2002. The application was denied initially and upon reconsideration. The plaintiff was granted
a hearing before an administrative law judge (ALJ) and the ALJ issued a decision on May 28,
2004 denying plaintiff's claims and making the following findings:

(1)    The claimant meets the nondisability requirements for a period of disability and
       Disability Insurance Benefits set forth in Section 216(l) of the Social Security Act
       and is insured for benefits through the date of this decision.

(2)    The claimant has not engaged in substantial gainful activity since the alleged onset
       of disability.

(3)    The claimant's degenerative disc disease status-post surgeries and osteoarthritis are
       considered "severe" based on the requirements in the Regulations 20 CFR §
       404.1520(c).

(4)    These medically determinable impairments do not meet or medically equal one of
       the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

(5)    The undersigned finds the claimant's allegations regarding his limitations are not
       totally credible for the reasons set forth in the body of the decision.

2

(6)     The claimant has the following residual functional capacity: engage in a full range of sedentary work. He is able to stand/walk for up to a total of 2 hours per workday. He is able to sit for at least a total of 6 hours per workday.

(7)     The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).

(8)     The claimant is a "younger individual" (20 CFR § 404.1563).

(9)     The claimant has "a limited education" (20 CFR § 404.1564).

(10)     The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR § 404.1568).

(11)     The claimant has the residual functional capacity to perform the full range of sedentary work (20 CFR § 404.1567).

(12)     Based on an exertional capacity for sedentary work, and the claimant's age, education and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.19.

(13)     The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(g)).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the

Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The United States Magistrate Judge to whom this matter was referred has filed a comprehensive Report and Recommendation suggesting that the Commissioner's decision be reversed under Sentence Four of 42 U.S.C. §§ 405(g) and remanded to take appropriate action regarding an award of benefits to the plaintiff based on a disability commencing February 6, 2002. The Magistrate's Report accurately summarizes the factual background of this case, and such will not be repeated herein.

Specifically, the Magistrate Judge suggests that the ALJ's decision that the plaintiff's treating physician's opinion is entitled to little weight is not supported by substantial evidence. The Magistrate Judge opines that the ALJ failed to engage in a proper analysis supporting her rejection of Dr. Baxley's (the treating physician) records and that there was substantial supportive

4

evidence of Dr. Baxley's conclusion. The Magistrate Judge further suggests that the ALJ only summarized a small portion of the medical evidence and summarily concluded that the plaintiff was capable of performing a full range of sedentary work. This decision, the Magistrate finds, did not meet the requirements of SSR 96-8p in explaining her Residual Functional Capacity ("RFC") determination.

The parties were advised of their right to file specific written objections to the Report and Recommendation, which was entered November 28, 2005. On December 16, 2005, the Commissioner filed objections to the Report and Recommendation. The plaintiff replied to the response on December 27, 2005.

In its objections, the Commissioner asserts that the opinion of Dr. Baxley (the plaintiff's treating physician) was inconsistent with the findings of Drs. Bush, Volcan, Fisher and Farrell[1] and thus, the ALJ rejected Dr. Baxley's opinion. The Commissioner further argues that Dr. Baxley's findings are not clinical findings at all, but rather are notes memorializing plaintiff's complaints of pain which did not constitute objective findings in support of his opinion.

The Commissioner also objects to the Magistrate's conclusion that the ALJ's decision that the plaintiff had the RFC to perform sedentary work. The Commissioner suggests that the court remand the action for further evaluation of the evidence rather than remand for payment of

---

[1] Drs. Fisher and Ferrell were the State Agency physicians who examined the plaintiff. The ALJ rejected their findings because the findings were provided before all the medical evidence was available in the plaintiff's case. Dr. Volcan performed previous back surgeries on the plaintiff, and Dr. Bush examined the plaintiff upon referral from Dr. Baxley. Drs. George and Loebl also treated the plaintiff with regard to his complaints of arthritis.

benefits.

### THE ALJ'S ANALYSIS OF THE TREATING PHYSICIAN'S OPINION

The ALJ provides several reasons for rejecting the opinion of Dr. Baxley:  (1) that his general statements that the plaintiff was completely disabled were opinions that were reserved for the Commissioner; (2) that his treatment notes do not support the conclusion the plaintiff is unable to sustain any substantial gainful activity; and (3) that his opinion was not supported by objective medical evidence.

Opinion evidence of a treating physician is evaluated pursuant to 20 CFR § 404.1527(d) (West 2004).  Those regulations describe (1) when controlling weight will be given to the opinion of a treating physician; and (2) what analysis will be employed when the treating physician's opinion is not given controlling weight.  20 CFR § 404.1527(d)(2) (emphasis added) states:

> Generally, we give more weight to opinions from your treating sources, since those sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.  If we find a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. *When we do not give the treating source's opinion controlling weight*, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion.

The ALJ in this case concluded that the treating physician's opinion was not entitled to

6

controlling weight because the opinion was inconsistent with other substantial evidence in the record. The ALJ, however, made no finding as to whether the opinion was well-supported by medically acceptable diagnostic techniques or not.

The legal error arose in what happened after the ALJ concluded that the opinion was not entitled to *controlling* weight. At that point, the ALJ should have analyzed the appropriate factors to determine what weight, if any, to give the opinion. This court found within the ALJ's report no mention of the factors under the regulations nor any analysis of them. Very briefly, the six factors that should have been addressed with respect to the treating physician's opinion are:

> (A)     Length of physician's treatment and frequency of claimant's examinations, 20 C.F.R. § 404.1527(d)(2)(i);
>
> (B)     Nature and extent of the treatment relationship, 20 C.F.R. § 404.1527(d)(2)(i)(ii);
>
> (C)     Support of the opinion afforded by the medical evidence in the record (supportability), 20 C.F.R. § 404.1527(d)(3);
>
> (D)     Consistency of the opinion with the whole record (consistency), 20 C.F.R. § 404.1527(d)(4);
>
> (E)     Specialization of the treating physician (specialization), 20 C.F.R. § 404.1527(d)(5); and
>
> (F)     Other factors brought to the commission's attention, 20 C.F.R. § 404.1527(d)(6).

After considering these factors, the ALJ should decide what weight, if any, to give to the treating physician's opinion. Moreover, the regulations further provide that these six factors plus two more—the examining and treatment relationship pursuant to 20 C.F.R. § 404.1527(d)(1) &

7

(2)—will be considered "in deciding the weight we give to *any* medical opinion." 20 C.F.R. § 404.1527(d).

For the foregoing reasons, the court remands the case so that the ALJ may conduct an analysis using the appropriate factors. While no Fourth Circuit case appears to require the ALJ to address all factors found in the regulations, one unpublished opinion seems to take it for granted that the ALJ will do so: "If not entitled to controlling weight, the value of the [treating physician's] opinion *must* be weighed and the ALJ *must* consider" six factors set forth in the regulations. *Burch v. Apfel,* No. 00-1402, 2001 WL 574634 (May 29, 2001), at *4. In remanding the case to the Commission, the court expresses no opinion as to the correctness of the ALJ's original conclusions.

THE ALJ'S DECISION REGARDING THE PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY

The plaintiff asserts that the ALJ's RFC assessment is conclusory and fails to contain any rationale or reference to the supporting evidence as required by Social Security Ruling ("SSR") 96-8p. SSR 96-8p provides that "[t]he RFC assessment is a function-by function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." Moreover, the RFC assessment must include a narrative discussion:

> describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (*i.e.*, 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the

evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

The Magistrate Judge suggests that the ALJ summarily concluded that the plaintiff was capable of performing a full range of sedentary work, that the ALJ failed to engage in any discussion of the medical evidence as it related to the RFC, and that the ALJ failed to give any explanation as to why she found that the plaintiff had no postural or manipulative restrictions.

The undersigned agrees with the Magistrate's conclusion and remands this action back to the Commissioner to meet the requirements of SSR 96-8p above.

### THE PLAINTIFF'S CREDIBILITY

The ALJ found that the plaintiff's allegations of pain and limited functional capacity were not totally credible. SSR 96-7p states in pertinent part:

When additional information is needed to assess the credibility of the individual's statements about symptoms and their effects, the adjudicator must make every reasonable effort to obtain available information that could shed light on the credibility of the individual's statements. In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

(1)    The individual's daily activities;

(2)    The location, duration, frequency, and intensity of the individual's pain or other symptoms;

(3)    Factors that precipitate and aggravate the symptoms;

9

> (4)   The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> (5)   Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> (6)   Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> (7)   Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

While the ALJ did cite several reasons for dismissing the plaintiff's allegations as not totally credible, the Magistrate concludes that because the ALJ did not give any weight to the opinion of the treating physician, it is difficult to properly assess her credibility determination. After the ALJ performs a thorough evaluation of the treating physician's opinion, the ALJ will need to re-evaluate her assessment of the plaintiff's credibility.

After a careful review of the record, this court finds the Magistrate's Report provides an accurate summary of the facts in the instant case and the findings are hereby specifically incorporated herein by reference. Accordingly, this action is reversed pursuant to Sentence Four of 42 U.S.C. §§ 405(g) with a remand of the cause to the Commissioner for further proceedings as discussed above.

IT IS SO ORDERED.

*Joseph F. Anderson Jr*

Joseph F. Anderson, Jr.
December 29, 2005                                      United States District Judge
Columbia, South Carolina